**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 117780

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Raizy Felberbaum, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Mandarich Law Group, LLP,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |



Raizy Felberbaum, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Mandarich Law Group, LLP (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

Barshay Sanders PLLC

4. At all relevant times, Defendant conducted business within the State of New York.

**PARTIES**

5. Plaintiff Raizy Felberbaum is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Mandarich Law Group, LLP, is an Illinois Limited Liability Partnership with a principal place of business in Cook County, Illinois.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**THE FDCPA**

14. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

15. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

16. To further these ends, the FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013).

17. In order for consumers to vindicate their rights under the statute, the FDCPA "grants a private right of action to a consumer who receives a communication that violates the

Barshay Sanders PLLC

Act." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

18. Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson*, 516 F.3d at 91.

19. To this end, in determining whether a collection letter violates the FDCPA, courts in the Second Circuit utilize "the least sophisticated consumer" standard. *Jacobson*, 516 F.3d at 90. "The test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives. *Russell*, 74 F.3d at 34.

20. The least sophisticated consumer standard pays no attention to the circumstances of the particular debtor in question. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Specifically, it is not necessary for a consumer to show that he or she was confused by the communication received. *See Jacobson*, 516 F.3d at 91. Likewise, the consumer's actions in response to a collection letter are not determinative of the question of whether there has been a violation of the FDCPA. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

21. Under the least sophisticated consumer standard, collection letters violate the FDCPA "if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

22. Moreover, a debt collector violates the FDCPA if its collection letter is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

23. Similarly, a collection letter violates the FDCPA "if it would make the least sophisticated consumer uncertain as to her rights." *Jacobson*, 516 F.3d at 90.

24. To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Rather, "[t]he FDCPA is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

Barshay | Sanders PLLC

Barshay Sanders PLLC

## ALLEGATIONS

25. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

26. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

27. The alleged Debt does not arise from any business enterprise of Plaintiff.

28. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

30. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

31. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated March 13, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

32. The Letter conveyed information regarding the alleged Debt.

33. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

34. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

## FIRST COUNT
## Violation of 15 U.S.C. §§ 1692g and 1692e

35. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

36. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

37. The written notice must contain the amount of the debt.

38. The written notice must contain the name of the creditor to whom the debt is owed.

39. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

40. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

41. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

42. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

43. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

44. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

45. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

46. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

47. Threatening to take legal action without explaining that such threat does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

48. The Letter is on the letterhead of "Mandarich Law Group, LLP Attorneys at Law"

49. The Letter contains no statement pertaining to Plaintiff's rights following its indication that Plaintiff's account was assigned to a law firm.

50. The Letter fails to advise that the fact Plaintiff's account was assigned to a law



Barshay | Sanders PLLC

firm does not override the Plaintiff's right to dispute the debt.

51. The Letter fails to advise that the fact Plaintiff's account was assigned to a law firm does not override the Plaintiff's right to demand validation of the debt.

52. The Letter fails to advise that the fact Plaintiff's account was assigned to a law firm does not override the Plaintiff's right to request information concerning the current creditor.

53. The least sophisticated consumer, upon reading that her account was assigned to a law firm, could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless be sued.

54. The least sophisticated consumer, upon reading that her account was assigned to a law firm, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the debt, she could nevertheless by sued even during the verification process.

55. Defendant placed the required validation on the Letter in an inconspicuous manner.

56. Because Plaintiff's validation rights are set forth in an inconspicuous manner, the least sophisticated consumer is less likely to realize that such rights are not affected by the fact that Plaintiff's account was assigned to a law firm.

57. Because Plaintiff's validation rights are set forth in an inconspicuous manner, the least sophisticated consumer is likely to overlook the rights, especially in relation to the fact Plaintiff's account was assigned to a law firm.

58. Because Plaintiff's validation rights are set forth in an inconspicuous manner, the least sophisticated consumer is likely to believe the rights are unimportant, especially in relation to the fact Plaintiff's account was assigned to a law firm.

59. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the debt.

60. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the debt.

61. As a result of the foregoing, the threat of possible legal action would likely make the least sophisticated consumer confused as to her rights.

62. As a result of the foregoing, the threat of possible legal action would likely make the least sophisticated consumer uncertain as to her rights.

Barshay Sanders PLLC

Barshay Sanders PLLC

63. Defendant violated § 1692g as Defendant overshadowed the information required to be provided by that Section.

64. Defendant violated § 1692g(b) as the potential threat of legal action overshadows the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

65. Defendant violated § 1692g(b) as the potential threat of legal action is inconsistent with disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

66. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

67. While Section 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

68. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

69. As a result of the foregoing, the Letter is deceptive.

70. As a result of the foregoing, the Letter constitutes a deceptive means to attempt to collect the Debt.

71. As a result of the foregoing, the Letter violates 15 U.S.C. §§ 1692g and 1692e.

**SECOND COUNT**
**Violations of 15 U.S.C. §§ 1692e**

72. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

73. 15 U.S.C. § 1692e(3) prohibits a debt collector from using the false representation or implication that any individual is an attorney or that any communication is from an attorney.

74. The Letter is on the letterhead of "Mandarich Law Group, LLP Attorneys at Law"

75. The Letter identifies Defendant as a debt collector.

76. Defendant was acting as a debt collector, as defined by the FDCPA, concerning Plaintiff's alleged debt.

77. No attorney employed by Defendant had any meaningful involvement in the day-to-day collection of Plaintiff's alleged debt.

78. The Letter's signature block is for "Mandarich Law Group, LLP," rather than any

specific attorney.

79. The Letter's signature block is unsigned.

80. The Letter contains no disclaimer concerning the lack of attorney involvement in the collection of Plaintiff's alleged debt.

81. The Letter misleads consumers into believing that there is meaningful attorney involvement in the collection of the debt.

82. The least sophisticated consumer would likely be deceived by Defendant's conduct.

83. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

84. The least sophisticated consumer would likely be deceived into believing that an attorney had meaningful involvement in the collection of the alleged debt.

85. Defendant violated 15 U.S.C. § 1692e(3) by falsely implying that its collection letter is a communication from an attorney acting as an attorney.

**THIRD COUNT**
**Violation of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)**

86. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

87. 15 U.S.C. § 1692g(a) provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

88. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

89. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

90. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement



Barshay Sanders PLLC

Barshay | Sanders PLLC

that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

91. 15 U.S.C. § 1692g(b) provides, "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

92. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other language in the communication.

93. A communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

94. A collection letter overshadows the validation notice if it is formatted in a manner such that the validation notice is visibly inconspicuous.

95. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

96. A debt collector has the obligation, not just to convey the required information, but also to convey such effectively.

97. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly, so that the least sophisticated consumer will not be uncertain as to her rights.

98. A debt collector has the obligation, not just to convey the required information, but also to convey such effectively, so that the least sophisticated consumer will not be uncertain as to her rights.

99. The Letter buries the required validation notice within its text.

100. The required validation notice is contained in running text within the body of the Letter, in the same font size, style, color and case as the rest of the body of the Letter.

101. The Letter sets forth in a capitalized, bolded and enlarged typeface, the debt collection notice, which diverts the attention away from the validation notice.

102. The Letter further diverts the consumer attention to the capitalized, bolded and enlarged typefaced, call recording notice.

103. The Letter additionally contains in a capitalized, bolded and enlarged typeface,

the New York City Department of Consumer Affairs License Information.

104. The Letter further sets forth in bolded and capitalized typeface on the first page, "**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**" (Emphasis in original).

105. While the Letter directs the reader to the reverse side, the required 15 U.S.C. § 1692g validation rights are not located there.

106. Rather, the required 15 U.S.C. § 1692g rights are on the first page of the Letter, buried within the body of the Letter.

107. The 15 U.S.C. § 1692g rights, relative to the other language in the Letter, are visually inconspicuous.

108. The 15 U.S.C. § 1692g rights cannot be readily discerned from the rest of the body of the Letter.

109. The 15 U.S.C. § 1692g rights cannot be readily discerned from the rest of the deemphasized writing in the Letter.

110. The Letter contains no visually conspicuous transitionary language, such as "See Important Notice Below," directing Plaintiff's attention to the 15 U.S.C. § 1692g rights.

111. The Letter does not otherwise direct the consumer's attention to the 15 U.S.C. § 1692g rights in any way.

112. There is no transitional language directing the reader to the 15 U.S.C. § 1692g rights.

113. While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned in such a way that it discourages the least sophisticated consumer from reading it.

114. While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned in such a way to encourages the least sophisticated consumer to believe that the language is unimportant.

115. While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned in such a way that it discourages the least sophisticated consumer from reading them.

Barshay Sanders PLLC

116. While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned and deemphasized in such a way that it discourages the least sophisticated consumer from exercising her rights.

117. The format of the Letter overshadows the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

118. The format of the Letter overshadows the consumer's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

119. The format of the Letter overshadows of the consumer's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

120. The format of the Letter is inconsistent with the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

121. The format of the Letter is inconsistent with the consumer's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

122. The format of the Letter is inconsistent with the consumer's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

123. The manner in which the Letter is formatted would likely make the least sophisticated consumer uncertain as to his rights.

124. The manner in which the Letter is formatted would likely make the least sophisticated consumer confused as to his rights.

125. The manner in which the Letter is formatted would likely make the least sophisticated consumer overlook his rights.

126. The Letter is structured in such a way that it makes Plaintiff's validation rights difficult to read and easy to overlook.

127. The Letter is structured in such a way that it makes Plaintiff's validation rights appear as boilerplate language.

128. The Letter is structured in such a way that it makes Plaintiff's validation rights appear unimportant.

129. The Letter is structured in such a way that it discourages Plaintiff from reading his validation rights.

130. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising his right to dispute the alleged Debt.

Barshay | Sanders PLLC

131. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising his right to request validation of the alleged Debt.

132. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

133. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

134. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

135. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

136. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

137. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. §§ 1692e and 1692e(10).

138. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff therefor.

Barshay | Sanders PLLC

**CLASS ALLEGATIONS**

139. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

140. Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

141. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

142. The Class consists of more than thirty-five persons.

143. Plaintiff's claims are typical of the claims of the Class. Common questions of law

or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

144. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

145. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

B | Barshay Sanders PLLC

**JURY DEMAND**

146. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

c. Finding Defendant's actions violate the FDCPA; and

d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Granting Plaintiff's costs; all together with

g. Such other relief that the Court determines is just and proper.

DATED: July 22, 2019

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders*

Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 117780

